**Nelleke KELLER, Plaintiff,**

v.

**BRANIFF INTERNATIONAL AIR-LINES, INC., Defendant,**

**Air Line Pilots Association, International, Intervenor.**

**No. CA 3-6098-C.**

United States District Court,
N. D. Texas,
Dallas Division.

Feb. 21, 1975.

G. William Baab, Mullinax, Wells, Mauzy & Baab, Inc., Dallas, Tex., for plaintiff.

Allen Butler, Clark, West, Keller, Sanders & Butler, Dallas, Tex., for Braniff.

John E. Collins, McGuire, Levy & Collins, Irving, Tex., and Cohen, Weiss & Simon, New York City, for Air Line Pilots Ass'n.

## MEMORANDUM OPINION

WILLIAM M. TAYLOR, Jr., Chief Judge.

This case was reopened after an agreed dismissal on the motion of both the plaintiff and the defendant for the purpose of allowing Air Line Pilots Association, International, to intervene since it was primarily interested in the seniority date which the Court might fix for plaintiff. Plaintiff's controversy with Braniff arose out of her claim that Braniff had discriminated against her in refusing to employ her as a flight attendant because she was married. The matter between plaintiff and Braniff has been settled and Braniff takes no position in regard to the seniority date.

This Court finds and concludes that there is jurisdiction and venue in this forum. The seniority dispute has been presented to the Court on stipulations of fact, affidavits and briefs.

It appears to the Court that plaintiff would have been hired on or before September 15, 1969, by Braniff but for the illegal discrimination against her. On that date plaintiff had been a flight attendant for another airline for six years and a flight attendant supervisor for Braniff for 17 months. It would, therefore, appear that plaintiff had more years of experience as a flight attendant than any person so employed subsequently by Braniff could have accrued in seniority as of this date. No serious issues of experience or safety have or could be raised by intervenor Air Line Pilots Association, International. But for Braniff's discrimination against her, plaintiff would have accrued seniority as a flight attendant beginning on or before September 15, 1969. If that date should be fixed as plaintiff's seniority date, the persons hired subsequently as flight attendants would lose one position on the flight attendant seniority list. It

would appear, however, that each person hired as a flight attendant subsequent to September 15, 1969, profited by Braniff's discrimination against plaintiff. Only those persons hired after September 15, 1969, as flight attendants would be affected by fixing plaintiff's seniority date as of September 15, 1969.

The Court concludes, however, that on the basis of Franks v. Bowman Transportation Company, 495 F.2d 398 (5th Cir. 1974) that plaintiff's seniority date must be fixed as the date she actually entered employment for Braniff as a flight attendant.

Defendant's attorneys are requested to prepare and submit appropriate judgment.